UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTERA ENERGY MARKETING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MACQUARIE ENERGY LLC,<br><br>Defendant. | Civil Action No.: 1:22-cv-01345<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.    the parties to this action;

        b.    outside counsel for the parties and their staff;

  c. in-house counsel;

  d. employees of such counsel assigned to and necessary to assist in the litigation;

  e. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  f. the Court (including a mediator, or other person having access to any documents designated as "CONFIDENTIAL" by virtue of his or her position with the Court);

  g. litigation vendors, court reporters and their staff, professional jury or trial consultants, and other litigation support personnel to whom disclosure is reasonably necessary for this litigation subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

  h. the author, addressee, or intended or authorized recipient of the information or a custodian or other person who otherwise possessed or knew the information.

3. Counsel for any party may designate any document or information, in whole or in part, as "ATTORNEYS' EYES ONLY" if counsel reasonably determines, in good faith, that such designation is necessary to protect extremely sensitive trade secrets or commercial information relating to pricing or profits, which, if disclosed, would result in competitive harm, and which harm cannot be avoided by less restrictive means. Information and documents so designated will be stamped "ATTORNEYS' EYES ONLY."

4. Documents or information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, absent further order from the Court, except:

    a. outside counsel for the parties and their staff;

    b. designated in-house counsel for each party;

    c. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel;

    d. the Court (including the mediator, or other persons having access to any document marked as "ATTORNEYS' EYES ONLY" by virtue of his or her position with the Court);

    e. litigation vendors, court reporters and their staff, professional jury or trial consultants, and other litigation support personnel to whom disclosure is reasonably necessary for this litigation subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    f. the author, addressee, or intended or authorized recipient of the information or a custodian or other person who otherwise possessed or knew the information.

5. Any document or information designated with any level of confidentiality under this Stipulation and Order ("Confidential Information") will be held and used by the person receiving such information solely for use in connection with the action. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order

constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the final transcript of the testimony. Unless otherwise indicated during a deposition, all information disclosed during such deposition shall be deemed "ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.

7. Prior to disclosing or displaying Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person (other than persons in categories 2a-2d, 2f, 4a, 4b, and 4d) to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the

right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Counsel for any party may designate any documents or information on behalf of a non- party, in whole or in part, as Confidential Information under the terms of this Protective Order.

10. Any party who wishes to challenge any designation of Confidential Information, must provide written notice of its intent to challenge such designation and must specifically identify the documents and/or information for which that party is challenging the confidentiality designation.  If the designating party wishes to maintain any portion of such documents or information as Confidential Information, it must identify the documents or information for which it seeks to maintain confidentiality within fourteen (14) days, or else the documents and/or information may be treated as non-confidential.  If the parties are unable to agree on whether a particular document or information is confidential, the parties may bring their dispute to the Court for resolution.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address

and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, under the circumstances as set forth in the rule, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Nothing in this Protective Order shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination (including depositions) of any person who is: (i) eligible to have access to the Confidential Information by virtue of his or her employment with the designating Party; (ii) identified in the Confidential Information as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such Confidential Information, has, in the ordinary course of business, seen such Confidential Information; (iv) a designated corporate representative under Rule 30(b)(6) or otherwise; or (v) a current or former officer, director or employee of the producing party or a current or former officer, director, or employee of a company affiliated with the producing party.

14. The parties shall follow the Court's procedures for requests for filing under seal any documents containing Confidential Information.

15. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a producing party makes a claim of inadvertent disclosure, all receiving parties shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification to counsel that all such information has been returned or destroyed.

17. If the receiving party objects to the claim of privilege, counsel for that party may set aside one copy of the purportedly privileged materials in a secure place and manner that prevents the purportedly privileged information from being further disclosed or reviewed until the receiving party and producing party resolve the privilege claim or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of a party or non-party to contest, or change the manner in which such party or non-party may contest, any privilege claim to the extent and in the manner permitted by law.

18. If a receiving party moves the Court for an order compelling production

of the Inadvertently Disclosed Information, the moving party shall seek to file such motion under seal in accordance with the Court's procedures for filing such material and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

20.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Prior notice of such a disclosure shall be made to the party that produced the Confidential Information at issue, and there will be reasonable cooperation with that party to preserve the confidentiality of that Confidential Information.

21.     The foregoing confidentiality terms shall extend to cover non-parties providing discovery in this matter. Any party issuing a subpoena to a non-party shall enclose a copy of this Stipulation and Order and notify the non-party that the protections of this Stipulation and Order are available to such non-party.

**SO STIPULATED AND AGREED**

| | |
|---|---|
| Dated: May 10, 2022 | Respectfully submitted, |
| SUSMAN GODFREY L.L.P. | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| */s/ Beatrice C. Franklin* | */s/Sascha N. Rand* |
| Beatrice C. Franklin<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br>Facsimile: (212) 336-8340<br>bfranklin@susmangodfrey.com<br><br>William R.H. Merrill *(admitted pro hac vice)*<br>Alexandra Foulkes Grafton *(admitted pro hac vice)*<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br>bmerrill@susmangodfrey.com<br>afoulkesgrafton@susmangodfrey.com<br><br>*Attorneys for Defendant* | Sascha N. Rand<br>Isaac Nesser<br>Nathan Goralnik<br>Kathryn Bonacorsi<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: 212-849-7000<br>Fax: 212-849-7100<br>sascharand@quinnemanuel.com<br>isaacnesser@quinnemanuel.com<br>nathangoralnik@quinnemanuel.com<br>kathrynbonacorsi@quinnemanuel.com<br><br>*Attorneys for Plaintiff* |

**SO ORDERED.**

_Victor Marrero_
U.S.D.J.

Dated: May 16, 2022

New York, New York

9

# **EXHIBIT A**

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____