USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/08/2024

# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 1400<br>1900 AVENUE OF THE STARS<br>LOS ANGELES, CALIFORNIA 90067-6029<br>(310) 789-3100 | SUITE 3000<br>401 UNION STREET<br>SEATTLE, WASHINGTON 98101-2683<br>(206) 516-3880 | 50TH FLOOR<br>ONE MANHATTAN WEST<br>NEW YORK, NEW YORK 10001-8603<br>(212) 336-8330 |

WILLIAM R. H. MERRILL
DIRECT DIAL (713) 653-7865

E-MAIL BMERRILL@SUSMANGODFREY.COM

May 6, 2024

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

Re:   *NextEra Energy Marketing, LLC v. Macquarie Energy LLC*, No. 1:22-cv-01345-VM

Dear Judge Lehrburger:

On Friday May 3, 2024, Macquarie filed a letter motion to compel NextEra Energy Marketing, LLC to re-review documents on its privilege log and produce non-privileged documents. Dkt. 92. Portions of the letter and the accompanying Exhibit C reflect deposition testimony that the Parties agreed shall be deemed "ATTORNEYS' EYES ONLY." Dkt. 29 (Protective Order) ¶ 6. Macquarie inadvertently filed these documents on the public docket. The documents have since been placed under temporary seal.

Macquarie requests the letter motion, Dkt. 92, and accompanying Exhibit C, Dkt. 92-3, remain under seal. Attached to this request is a redacted version of the letter motion for the public docket.

/s/ William R. H. Merrill
William R. H. Merrill
Counsel for Macquarie Energy LLC

Granted.

SO ORDERED:

05/08/2024    /s/

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 1400 | SUITE 3000 | 50TH FLOOR |
| 1900 AVENUE OF THE STARS | 401 UNION STREET | ONE MANHATTAN WEST |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | NEW YORK, NEW YORK 10001-8603 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

WILLIAM R. H. MERRILL
DIRECT DIAL (713) 653-7865

E-MAIL BMERRILL@SUSMANGODFREY.COM

May 3, 2024

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

Re:   *NextEra Energy Marketing, LLC v. Macquarie Energy LLC*, No. 1:22-cv-01345-VM

Dear Judge Lehrburger:

Macquarie Energy LLC ("Macquarie") writes pursuant to Rules 2.D and 3.B of Your Honor's Individual Practices to request a pre-motion conference concerning apparent deficiencies in NextEra Energy Marketing LLC's ("NEM") privilege log review process. Macquarie respectfully requests that the Court compel NEM to re-review approximately 500 non-email documents on NEM's privilege log (EX. A) which were improperly withheld because a NEM in-house lawyer was maybe an author, recipient, or custodian, not because of the documents' *contents*; and to produce to Macquarie any improperly withheld documents after the re-review concludes. Macquarie is aware of one such specific document that should be produced following the re-review process, a force majeure notice tracking spreadsheet created by Daniel O'Leary, a non-lawyer.

1. Background

As a preliminary matter, NEM has already agreed to provide Macquarie with additional information about the withheld non-email documents so that Macquarie can better understand what the withheld documents are. However, NEM would not agree to provide that information before today's close-of-fact-discovery deadline. NEM also would not agree consent to Macquarie filing a motion after today's deadline. Macquarie is therefore filing this motion today out of an

Hon. Robert W. Lehrburger
May 3, 2024
Page 2

abundance of caution, and if the Court prefers, is willing to defer consideration of this motion until after NEM provides its updated privilege log and Macquarie has an opportunity to review it.

NEM initially withheld over 1,000 documents based on claims of privilege or work product, but its initial privilege log was obviously deficient. NEM's log included numerous email communications with third parties, such as Shell and ConocoPhillips, with whom NEM clearly shared no privilege or common interest. NEM also incorrectly listed at least one non-lawyer as an attorney. Most relevant here, NEM withheld some 500 non-email documents without providing Macquarie with enough information to assess the claims of privilege—*i.e.*, whether the documents reflect legal advice or requests for such advice, or how they supposedly constitute work product.[1] The only information the log provides about these documents, is date/time stamp, file type, the name of the in-house attorney who authored, received, or was a custodian for the document (Heather Harrison), and a highly generic description of the subject matter of the document. Below is an excerpt showing examples of how these entries appear on NEM's privilege log.

*NextEra Energy Marketing, LLC v. Macquarie Energy LLC*, No. 1:22-cv-01345-VM
LOG OF DOCUMENTS WITHHELD AS PRIVILEGED

| Row | Bates Begin | Date/Time | File Type | Email From | Email To | Email CC | Attorney(s) | Privilege Asserted | Description |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | 3/22/2021 13:53 | Microsoft Office PowerPoint Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |
| 2 | | 3/22/2021 13:53 | Microsoft Office Excel Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |
| 3 | | 3/22/2021 13:53 | Microsoft Office Excel Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |
| 4 | | 3/22/2021 13:53 | Microsoft Office Excel Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |
| 5 | | 3/22/2021 13:55 | Microsoft Office PowerPoint Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |
| 6 | | 3/22/2021 13:55 | Microsoft Office Excel Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |
| 7 | | 3/22/2021 13:55 | Microsoft Office Excel Open XML Format | | | | Heather Harrison | Attorney Work Product | Document reflecting work product created at the direction of counsel in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |

---

[1] NEM was required to provide a privilege log that "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that would "enable [Macquarie] to assess the claim." F.R.C.P. 26(b)(5); see also Deutsche Bank Sec. Inc. v. Kingate Glob. Fund Ltd., No. 19 CIV. 10823 (ER), 2022 WL 3644822, at *5 (S.D.N.Y. Aug. 24, 2022) ("The purpose of a privilege log is to enable the opposing party and the Court to test the asserted privilege. A privilege log is thus an essential tool which allows the parties and the court to make an intelligent decision as to whether a privilege or immunity exists.") (cleaned up). Pursuant to the local rules, "where a claim of privilege is asserted in objecting to any means of discovery or disclosure . . . The following information shall be provided in the objection . . . For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." SDNY/EDNY LR 26.2.

Macquarie raised its various issues with NEM's privilege log at a March 19, 2024, meet and confer. NEM then updated its privilege log to address *some* of Macquarie's concerns and agreed to remove about 75 documents from the prior log. Macquarie and NEM subsequently conferred again about remaining issues, including the 500 logged non-email documents, on April 8, 2024. EX. B (email exchange between counsel) at 7-8. Following this meet and confer, NEM agreed to provide an updated privilege log with additional information about the non-email documents. Id. at 5, 7. However, after several follow-ups, on Friday April 26, 2024, NEM informed Macquarie that it would not provide the updated log to Macquarie until the very day fact discovery closes and would not agree to permit Macquarie to file a motion after that deadline. Id. at 2-3.[2]

2. **Legal Standard**

NEM bears the burden of showing that all withheld documents are indeed privileged. Brown v. Barnes & Noble, Inc., 474 F. Supp. 3d 637, 648 (S.D.N.Y. 2019) ("The party withholding a document on the basis of attorney-client privilege or the work product doctrine bears the burden of establishing facts to demonstrate applicability of the protective rule."). This motion concerns non-email documents on which an in-house lawyer was an author, recipient, and/or custodian. With regard to attorney-client privilege, in-house counsel communications must still "be scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or provide legal advice." Brown, 474 F. Supp. 3d at 648. For example, "emails forwarding drafts or other documents or contain[ing] general comments about a draft document that do not appear to reflect the request for or giving of legal advice" are not privileged. Brown, 474 F. Supp. 3d at 651. Similarly, the work product doctrine does not automatically protect any document just because an in-house counsel was an author, recipient, or custodian. The doctrine is "not satisfied merely by a showing that the material was prepared at the behest of a lawyer or was provided to a lawyer." Brown, 474 F. Supp. 3d at 649. "Rather the materials must result from the conduct of investigative or analytical tasks to aid counsel in preparing for litigation." Id. (cleaned up).

3. **Argument**

Even from the face of NEM's deficient current log, it appears likely that at least some of NEM's still-withheld non-email documents are being improperly withheld based on dubious work product claims. NEM's log includes several items withheld as "work product in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri," but that *pre-date* the storm. One such example appears below. It defies logic that NEM was anticipating litigation and creating work product in anticipation of litigation before the storm, and before any cuts occurred.

---

[2] Should NEM's actions be sufficient to address Macquarie's concerns, Macquarie will withdraw its request.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 103 | 2/12/2021 20:57 | Microsoft Word 97 - 2003 Document | | | | Heather Harrison | Attorney-Client Privilege; Attorney Work Product | Document reflecting the thoughts and impressions of legal counsel and work product in anticipation of litigation related to force majeure and gas flows during Winter Storm Uri. |

Macquarie's suspicion that NEM is withholding non-privileged materials only grew stronger during the meet-and-confer process leading to this motion. During the parties' April 8, 2024 meet and confer, counsel for NEM seemingly indicated that any loose, non-email documents collected from in-house counsel Heather Harrison had been automatically withheld. NEM counsel conceded it may or may not have been true that the documents were privileged on their face. NEM counsel further indicated that, as part of the privilege review process, NEM ran a search for *duplicates* of any documents found in Heather Harrison's custody, and automatically withheld those duplicates as well. It should go with saying, but the mere fact that in-house counsel *possessed* a document does not provide a sufficient basis on its own for withholding the document. Brown, 474 F. Supp. 3d at 649 (the work product doctrine is "not satisfied merely by a showing that the material was prepared at the behest of a lawyer *or was provided to a lawyer*") (emphasis added).

NEM has not received satisfactory assurance of what else, if anything, was done to support NEM's claims of privilege over documents in Heather Harrison's possession. The privilege log does not provide any details that allow Macquarie to determine whether documents were withheld because in-house counsel actually edited or authored them, or whether the documents were authored by someone else, and withheld merely because they were found in the possession of in-house counsel. The privilege basis descriptions regarding these documents are all highly generic.

A recent deposition also revealed new information about a specific document within the relevant set that appears to have been withheld improperly. On April 30, 2024, Macquarie deposed Daniel O'Leary, a non-attorney at NEM who sent out force majeure notices during Storm Uri. Mr. O'Leary is the senior director of NEM's secured Transactions group.





. In light of Mr. O'Leary's testimony, there is no plausible basis for withholding the spreadsheet. He did not create it at a lawyer's required or for litigation. He merely sent it to an attorney. On that basis, NEM is withholding *every copy* of the document as supposed work product.

William R. H. Merrill
Counsel for Macquarie Energy LLC